**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02272-WJM-KLM

MATTHEW DAUGHERTY,
DARWIN L. HARPER,
DANIEL GASTON,
DAVID GASTON,
GUILLERMO GRADO,
CHARLES GRIMSLEY, and
JARED LANGLEY, on their behalf and on behalf of those similarly situated,

      Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC., a Delaware corporation,

      Defendant.

---

## ORDER DENYING AMENDED MOTION TO DISMISS

---

This matter is before the Court on Defendant Encana Oil & Gas (USA), Inc.'s ("Defendant" or "Encana") Amended Motion to Dismiss Plaintiff David Gaston's Claims, ECF No. 31 (the "Motion"). In his First Amended Complaint, Plaintiff David Gaston ("Gaston") brings two claims against Encana under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"): (1) a claim for unpaid overtime compensation and liquidated damages, and (2) a claim for unlawful retaliation. First Amended Complaint, ECF No. 25, at ¶¶ 50-53.  The Motion seeks dismissal of the Gaston claims pursuant to Fed. R. Civ. P. 12(b)(6).  Previously, the Court ruled that it would exercise its discretion to exclude and not consider items attached to and outside of the Motion. ECF No. 34. As so considered, and for the reasons set forth below, the Motion is DENIED.

### *Applicable Legal Standard*

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  The Court must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  The complaint is reviewed to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).  "[T]he standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### *Contentions of the Parties & Analysis*

In its Motion, Defendant contends that Gaston has failed in his complaint to allege any facts demonstrating an employment relationship between himself and the Defendant, as required by the FLSA. Motion at 2.  Instead, Defendant contends, Gaston has alleged only that a separate and apparently unaffiliated company by the name of Mesa Field Services, Inc. ("Mesa") was his employer and, as well, that Gaston has not alleged facts supporting his assertion that Encana was his employer. *Id.*  Even when

accepting his well-pleaded factual allegations as true, Defendant argues, Gaston has failed to meet the Rule 8(a) pleading standards set forth in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). *Id.*

In his response, Gaston points out that in his First Amended Complaint he has alleged that: (1) Encana was his joint employer; and (2) Encana controlled his work. ECF No. 36 at 2.  With regard to the first point, Gaston argues that liability for a violation of the FLSA may be imposed on any joint employer, and that even if Mesa were one of his employers, this fact alone does not preclude a separate determination that Defendant was also a joint employer of his. *Id.* at 3-4.  In support of this contention, Gaston cites, accurately, 29 C.F.R. § 791.2(a) and *Mid-Continent Pipe Line Co. v. Hargrave*, 129 F.2d 655, 658 (10th Cir. 1942).  This pertinent regulation of the U.S. Department of Labor provides that whether a joint employment relationship exists depends upon all the facts in the particular case. 29 C.F.R. § 791.2(a).  Where work for one employer is not completely disassociated from work with the other employer, then all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id.*

Here, Gaston has alleged facts upon which a trier of fact could conclude that he was employed jointly by Mesa and Encana.  For example, Gaston has alleged that through Mesa he was hired by Defendant to service and maintain Encana's gas wells in Colorado and Texas. ECF No. 25 at §§ 7 & 13.  Gaston has also alleged that an "arrangement" existed during the pertinent time period between Mesa and Defendant to share Gaston's services as an oil pumper. *Id.* at ¶ 33.  Finally, Gaston specifically alleges throughout his First Amended Complaint that he was employed directly by

3

Encana. *Id.* at §§ 7, 13 & 33.  As it must for purposes of the instant Motion, the Court accepts these averments as true. *McDonald,* 287 F.3d at 997.

The Court finds, in addition, that Gaston has also sufficiently pled facts establishing, again for purposes of a motion under Rule 12(b)(6),  that Encana "controlled" his work.  For example, Gaston has alleged that:  Encana controlled his hours worked, ECF No. 25 at § 24; Encana required him to attend performance evaluations; *id.* at § 26; Encana electronically monitored his daily activities, *id.*; and Encana required him to perform his work in accordance with its standard operating procedures. *Id.* at § 28.

### Conclusion

The Court concludes that Gaston has adequately pled facts supporting his allegations that Encana was a joint employer who controlled significant aspects of the employment relationship at issue in his claims.  Further, Defendant has failed to demonstrate that Gaston's allegations in his First Amended Complaint are insufficient to state a FLSA claim against it.

For the foregoing reasons, it is hereby ORDERED that Defendant's Amended Motion to Dismiss Plaintiff David Gaston's Claims, ECF No. 31, be DENIED.

Dated this 8th day of April, 2011.

BY THE COURT:

_____

United States District Judge