IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02272-WJM-KLM

MATTHEW DAUGHERTY,
DARWIN L. HARPER,
DANIEL GASTON,
DAVID GASTON,
GUILLERMO GRADO,
CHARLES GRIMSLEY, and
JARED W. LANGLEY, on their behalf and on behalf of those similarly situated,

    Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC., a Delaware corporation,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Plaintiff David Gaston's **Motion to Lift Stay** [Docket No. 53; Filed April 27, 2011] (the "Motion"). Defendant filed a Response [Docket No. 56] in opposition to the Motion on May 23, 2011.

On October 22, 2010, Plaintiffs filed a Motion for Conditional Collective Action Certification [Docket No. 13] (the "Motion for Certification"). On November 8, 2010, Defendant responded by filing a motion to stay [Docket No. 17] all proceedings related to the Motion for Certification until after the Court ruled on Defendant's Motion to Dismiss [Docket No. 14]. On the same day, Defendant also filed a motion to stay [Docket No. 16] initial disclosures and discovery.

On November 16, 2010, the Court granted Defendant's motion to stay [#16] initial

disclosures and discovery and ordered that "all discovery in this case is stayed pending resolution of Defendant's Motion to Dismiss [#14]." *Order* [Docket No. 24] at 5. On November 18, 2010, Plaintiffs filed an Amended Complaint [Docket No. 25]. Accordingly, on December 13, 2010, the Court denied the Motion to Dismiss [#14] as moot. *Minute Order* [Docket No. 33]. However, on December 6, 2010, Defendant filed two new motions to dismiss [Docket Nos. 31 & 32] pertaining to the Amended Complaint [#25]. Therefore, the rationale for the discovery stay remained unchanged. The discovery stay remained in force, and the Court did not reset a scheduling conference.

On December 16, 2010, the Court granted Defendant's motion to stay [#17] all proceedings related to the Motion for Certification [#13]. *Order* [Docket No. 35]. The Court ordered that all proceedings related to the Motion for Certification are stayed pending resolution of Defendant's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration and Stay the Proceedings Pending Arbitration [Docket No. 32] (the "Motion to Compel").

On April 8, 2011, District Judge William J. Martínez denied Defendant's Amended Motion to Dismiss Plaintiff David Gaston's Claims [Docket No. 31] (the "Amended Motion to Dismiss"). *Order Denying Amended Motion to Dismiss* [Docket No. 51]. Because of this, Plaintiff Gaston now seeks to proceed with discovery and the class certification process "as it relates to his claims and [the claims of] those similarly situated to him." *Motion* [#53] at 1. Defendant's Motion to Compel [#32] remains pending. On May 18, 2011, Judge Martínez set oral argument on the Motion to Compel [#32] for June 15, 2011. *Order* [Docket No. 55].

The Court agrees with Defendant that proceeding with discovery and the class

certification process as it relates only to Plaintiff Gaston and those similarly situated to him "would create confusion" and cause needlessly duplicative expenditures of the Court's and the parties' time and resources. *Response* [#56] at 2. Further, as Defendant points out, "the Court [has] protected Gaston from any potential harm from a delay in ruling on the Motion to Compel by tolling the statute of limitations until such time as the Court rule[s] on that Motion." *Id.*; *see Order* [#35] at 3. Plaintiff contends that if the Court denies the Motion to Compel [#32], "then Defendant is likely to take an interlocutory appeal and [his] claims will likely remain stayed . . . even though his claims are not subject to the appeal." *Motion* [#53] at 4. While the Court understands Plaintiff Gaston's concern, it finds that this concern is merely speculative, and thus premature, at this juncture. The discovery and class certification processes have not been stayed indefinitely; they have been stayed only until the Court rules on the Motion to Compel [#32]. Oral argument on the Motion to Compel is set for June 15, and a ruling will be issued in due course thereafter. If unexpected delays arise in ruling on the Motion to Compel, Plaintiff Gaston may seek appropriate relief at that time. Similarly, if the Court in fact denies the Motion to Compel and Defendant takes an interlocutory appeal of the denial – thereby extending the current stay – Plaintiff Gaston may again file a motion to lift the stay with respect to his claims. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#53] is **DENIED without prejudice**.

Dated: May 24, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge