IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02272-RBJ-KLM

MATTHEW DAUGHERTY,
DARWIN L. HARPER,
DANIEL GASTON,
DAVID GASTON,
GUILLERMO GRADO,
CHARLES GRIMSLEY, and
JARED LANGLEY on their behalf and on behalf of those similarly situated,

      Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC., a Delaware corporation,

      Defendant.

---

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff David Gaston's ("Gaston") **Second Motion to Amend Complaint** [Docket No. 65; Filed August 12, 2011] (the "Second Motion") and Plaintiff Gaston's **Third Motion to Amend Complaint** [Docket No. 88; Filed October 11, 2011] (the "Third Motion") (collectively, the "Motions"). On September 6, 2011, Defendant filed a Response [Docket No. 76] to the Second Motion, confirming that it is partly unopposed and partly opposed. On September 20, 2011, Plaintiff Gaston filed a Reply [Docket No. 82]. Plaintiff Gaston also represents that the Third Motion is opposed.[1]

---

[1] Although D.C.COLO.LCivR 7.1.C. allows a responding party twenty-one days after service of a motion in which to file a response, this rule does not preclude "a judicial officer from ruling on a motion at any time after it is filed."

*See Third Motion* [#88] at 1.  A scheduling order has not yet been entered in this case.[2]

Accordingly, the Motions were timely filed.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motions have

been referred to this Court for a recommendation regarding disposition.[3]  The Court has

reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently

advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that

the opposed portion of the Second Motion [#65] be **DENIED** and that the Third Motion [#88]

also be **DENIED**.

This matter pertains to overtime compensation and unlawful termination claims

brought by employees of Defendant.[4]  *See Third Amended Complaint* [#88-1] at 11.  In the

First Amended Complaint, seven Plaintiffs filed suit against Defendant.  *See First Amended

Complaint* [#25] at 1.  However, on July 15, 2011, the District Judge issued an Order [#63]

---

[2]  On September 2, 2011, the Court issued a Minute Order stating that it will reset the Scheduling Conference in this case after resolution of the Second Motion.  *See Minute Order* [Docket No. 72].

[3] A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988).  Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purpose of resolving the present Motions, the Court assumes that the opposed portions of the Motions are dispositive and require a recommendation.

[4]  Plaintiff Gaston filed his Second Motion [#65] on August 12, 2011, requesting that the Court accept his Second Amended Complaint [#65-1].  Before the Court issued a ruling on the Second Motion [#65], Plaintiff Gaston filed his Third Motion [#88], requesting that the Court accept his Third Amended Complaint [#88-1].  The proposed Third Amended Complaint [#88-1] incorporates all of the amendments requested by Plaintiff Gaston in his proposed Second Amended Complaint [#65-1], as well as requesting additional amendments.  *See Third Motion* [#88] at 1-2. The Court therefore cites to the proposed Third Amended Complaint [#88-1] throughout this Order and Recommendation, as it contains all of the amendments requested by Plaintiff Gaston.

(the "July 15 Order") staying the case pending arbitration as to all Plaintiffs except for Plaintiff Gaston, who is thus the sole moving party on the present Motions. *See Reply* [#82] at 1 n.1. Those former Plaintiffs sent to arbitration were compelled to do so on the basis of an Independent Contractor Agreement ("ICA") that each had signed with Defendant. *See July 15 Order* [#63] at 18. However, the District Judge struck two provisions of the underlying arbitration agreement in the ICAs as unconscionable. *See id.* at 23-24. First, he struck "any term or clause of the arbitration agreement in the ICAs [that] requires application of the AAA Commercial Rules, and such rules [that] in turn permit assessment of any costs of the arbitration to be borne by Plaintiffs." *Id.* at 23. Second, he struck "any term or clause of the arbitration agreement [that] allows for the award of attorney's fees to [Defendant] in the event it is the prevailing party in an arbitration." *Id.* at 23-24. The District Judge found the remainder of the arbitration agreement to be enforceable. *See id.* at 24.

Plaintiff Gaston now seeks leave from the Court to further amend the First Amended Complaint [#25], primarily to add party-plaintiffs. *See Second Motion* [#65] at 1; *Third Motion* [#88] at 1. Defendant does not oppose: (1) the addition of David Smith ("D. Smith") as a plaintiff; (2) the addition of allegations concerning D. Smith in Paragraphs 14 and 36–37 of the Third Amended Complaint [#88-1]; (3) the addition of allegations in Paragraph 37 "concerning the existence of additional third-party contractors similar in nature to Mesa Field Services;" and (4) amendment of the caption to read: "*David Gaston, David Smith, et al. v. Encana Oil & Gas (USA), Inc.*" *See Motion* [#65] at 2-3; *Response* [#76] at 1. However, Defendant does oppose: (1) the addition of Kevin Smith ("K. Smith"), Brett Crabb ("Crabb"), and Cody Tague ("Tague") as plaintiffs and (2) the addition of allegations

concerning K. Smith, Crabb, and Tague in Paragraphs 16–18, 36, and 53A–D of the Third Amended Complaint [#88-1].  *See Motion* [#65] at 2-3; *Response* [#76] at 1.

The Court has discretion to grant parties leave to amend their pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).

The Court first examines Plaintiff Gaston's unopposed amendment requests. Plaintiff Gaston seeks to have D. Smith added to this lawsuit as a plaintiff and to have certain other allegations, those not specifically related to K. Smith or Crabb, integrated into the First Amended Complaint.  *See Motion* [#65] at 1-3.  These proposed amendments do not add any new claims, they are unopposed by Defendant, and, as previously noted, a scheduling order has not yet been entered in this case.  For the foregoing reasons, and considering that leave to amend should be freely given, the Court grants Plaintiff Gaston's unopposed requests to add D. Smith as a plaintiff along with the other unopposed allegations sought to be included in the Third Amended Complaint.

Plaintiff Gaston also requests modification of the caption in this case to read: "*David Gaston, David Smith, et al. v. Encana Oil & Gas (USA), Inc*."  *See Motion* [#65] at 2. Plaintiff Gaston makes this request "to reflect the Court's July 15 Order compelling arbitration and staying all proceedings as to all Plaintiffs but David Gaston." *Id.*  Because Defendant is unopposed to the change, the Court grants this request.

-4-

The Court next turns to the opposed portions of Plaintiff Gaston's Motions, pertaining to the addition of K. Smith, Crabb, and Tague as plaintiffs, along with accompanying allegations concerning these three persons.   Plaintiff Gaston states that K. Smith, Crabb, and Tague are "similarly situated" to Plaintiffs whose claims were sent to arbitration by the July 15 Order [#63].   *Second Motion* [#65] at 3; *Third Motion* [#88] at 2.   Plaintiff Gaston also concedes that K. Smith, Crabb, and Tague each signed an ICA with an arbitration clause "identical" to those in the ICAs signed by Plaintiffs subject to the July 15 Order [#63]. *Second Motion* [#65] at 3; *Third Motion* [#88] at 2.   In short, Plaintiff Gaston argues that:

> The final purpose of Plaintiffs' requested amendment is to add [K. Smith, Crabb, and Tague] as parties-plaintiff to this action, thereby bringing them within the jurisdiction of the court . . . . [K. Smith, Crabb, and Tague] believe that their obligation to arbitrate should be conditioned upon application of the July 15 Order to their claims.   Stated differently, [K. Smith, Crabb, and Tague] believe that they should not be required to pay for the costs of arbitration, nor should they risk an adverse award of attorneys' fees if Encana prevails in arbitration.

*Second Motion* [#65] at 2-3; *see also Third Motion* [#88] at 2.

Defendant argues that Plaintiff Gaston's proposed amendment adding K. Smith, Crabb, and Tague should be rejected for filing because such amendment is futile.   *See Response* [#76] at 3.   It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.   *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).   "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."   *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).   Moreover,

"[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (internal quotations omitted).

On July 15, 2011, the District Judge ordered six of the seven Plaintiffs in this case to arbitration with Defendant, staying their claims pending completion of the arbitration proceedings. *See July 15 Order* [#63] at 24. The District Judge found that, pursuant to the Federal Arbitration Act, 9 U.S.C., § 1, *et seq.*, he did not have the authority to hear the merits of the claims of those Plaintiffs who signed ICAs. *See id.* at 6, 8, 11, 13, 18, 24. The District Judge found that the ICAs contain a valid arbitration agreement, the arbitration agreement covers the parties' dispute, and, therefore, "trial of the action [was stayed] until such arbitration has been had." *July 15 Order* [#63] at 6, 8, 11, 13, 18, 24 (citing 9 U.S.C. § 3; *Encore Prods. Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1107-08 (D. Colo. 1999)).

Plaintiff Gaston concedes that K. Smith, Crabb, and Tague "are similarly situated to those Plaintiffs[] whose claims were compelled to be arbitrated" and that "each signed [ICAs] containing arbitration clauses identical to those in the agreements signed by those Plaintiffs subject to the July 15 Order." *Second Motion* [#65] at 2-3; *see also Third Motion* [#88] at 2. Amending the First Amended Complaint to add three plaintiffs similarly situated to those sent to arbitration would be futile, therefore, because, as the District Judge already determined, he does not have the authority to hear the merits of their claims. The District Judge exercised his jurisdictional authority to the limit, i.e., he determined only whether a valid arbitration agreement existed and whether the arbitration agreement covered the parties' disputes; in both cases, he decided in the affirmative. *July 15 Order* [#63] at 6, 8,

11, 13, 18, 24.  Thus, it would be futile to add K. Smith, Crabb, and Tague to this litigation because the District Judge would be unable to proceed on the merits of their claims.  In other words, there is no scenario under which K. Smith, Crabb, and Tague would be permitted to litigate the merits of their proposed employment claims before this Court.[5]

The Court finds that it is therefore clear at this juncture that K. Smith, Crabb, and Tague's employment-related claims would be futile because the District Court could not reach them on the merits, as K. Smith, Crabb, and Tague would be compelled to arbitration just as the other similarly-situated Plaintiffs with identical ICAs have been.  *See July 15 Order* [#63].  The Court's sole function is to determine whether Plaintiff Gaston has provided a plausible basis for adjudication by this Court if his version of the facts is assumed to be true.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). After reviewing the tendered Third Amended Complaint [#88-1] and the accompanying

---

[5] As already discussed, the District Judge also found that two of the provisions within the arbitration agreement were unenforceable: (1) any term or clause of the arbitration agreement in the ICAs that required application of the AAA Commercial Rules permitting assessment of any costs of the arbitration to be borne by Plaintiffs, and (2) any term or clause in the arbitration agreement allowing for the award of attorney's fees to Defendant in the event that Defendant is the prevailing party in the arbitration.  *See July 15 Order* [#63] at 23-24.  Plaintiff Gaston argues that K. Smith, Crabb, and Tague's obligations to arbitrate must be conditioned upon application of the July 15 Order to their claims with respect to these two provisions. *See Reply* [#82] at 3; *Third Motion* [#88] at 2.

As noted by the District Judge, "an arbitration agreement that prohibits use of the judicial forum as a means of resolving statutory claims must also provide for an effective and *accessible* alternative forum."  *July 15 Order* [#63] at 19 (quoting *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, (10th Cir. 1999)).  Here, Plaintiff Gaston has not asserted that the arbitration forum used by the other Plaintiffs in this case is inaccessible to K. Smith, Crabb, and Tague.  *See generally Third Amended Complaint* [#88-1].  He has not alleged that the arbitrator will not permit K. Smith, Crabb, and Tague to join that action, that the arbitrator will not permit them to come under the auspices of the July 15 Order explicitly interpreting the same agreement, or that the arbitrator will not permit them to raise arguments with respect to the provisions of the arbitration agreement that they contend are unenforceable.  *See generally id.*  In short, Plaintiff Gaston has failed to provide any information with respect to why the arbitration forum to be used by former Plaintiffs in this case is presently inaccessible to K. Smith, Crabb, and Tague.  *See generally id.*

Motions [#65, #88], the Court finds that Plaintiff Gaston has not provided the necessary plausible basis.

For the reasons set forth above, the Court **RECOMMENDS** that the opposed portion of the Second Motion [#65] be **DENIED** and that the Third Motion [#88] also be **DENIED**.

IT IS HEREBY **ORDERED** that the unopposed portion of the Second Motion [#65] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall rearrange the order of Plaintiffs in this case so that the first-named plaintiff is David Gaston, followed second by David Smith.

IT IS FURTHER **ORDERED** that Plaintiff Gaston shall file his Third Amended Complaint no later than **fourteen days** after final resolution of these Motions [#65, #88] by the District Judge.  Plaintiff Gaston's Third Amended Complaint shall comply with this Court's Order with respect to the unopposed portion of Plaintiff Gaston's Second Motion [#65] and with the District Judge's Order with respect to this Recommendation on the opposed portion of the Second Motion [#65] and on the Third Motion [#88].

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Third Amended Complaint no later than **fourteen days** after Plaintiff Gaston files his Third Amended Complaint.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 21, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge