IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No.  10-cv-2272-RBJ-KLM

MATHEW DAUGHERTY
DARWIN HARPER
DANIEL GASTON
DAVID GASTON
GUILLERMO GRADO, and
CHARLES GRIMSLEY
on their behalf and on behalf of all those similarly situated,

    Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC.,
a Delaware corporation,

    Defendant.

# ORDER ON PENDING MOTIONS

This order resolves all motions pending in this case as of the present date.

**Facts**

Plaintiffs allege that they are "pumpers" who were hired by the defendant corporation, or in the case of David Gaston by a staffing company for the defendant, at various times during the years 2005 through 2008, to service and maintain the defendant's gas wells in the Piceance Basin of Colorado or in Texas.  They complain that the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. by refusing to pay overtime and terminating their employment in retaliation for engaging in protected activities.

On July 15, 2011 the Court issued an order compelling all defendants other than David Gaston to submit their claims to arbitration as required by an Independent Contractor Agreement

("ICA") that each of them had signed. The Court did, however, strike terms in the arbitration agreements or incorporated rules that permitted the assessment of costs of the arbitration or attorney's fees against the plaintiffs, finding that they were unenforceable. Finally, the Court ordered that the claims of the plaintiffs other than David Gaston would be stayed pending completion of arbitration.

With that background, the Court addresses the pending motions.

**Plaintiffs' Motion for Conditional Collection Action Certification, *Hoffman-LaRoche* Notice, Equitable Tolling and an Order Enjoining Retaliation by Defendant [docket #13]**

This motion is DENIED AS MOOT in light of the amended motion, docket #68, discussed below.

- **Second Motion to Amend Complaint [docket #65]**
- **Third Motion to Amend Complaint [docket #88]**
- **Order and Recommendation of United States Magistrate Judge [docket #92]**
- **Motion for Leave to File Reply in Support of Objection to the Recommendation of Magistrate Judge Mix Concerning Plaintiff's Second and Third Motions to Amend [docket #98]**

These motions all address the same issues and are therefore considered together. In the Second Motion to Amend plaintiffs seek leave to (1) add David Smith, who like plaintiff David Gaston did not sign an ICA, as a party plaintiff; (2) add Kevin Smith and Brett Crab, who like the rest of the original plaintiffs did sign an ICA, as party plaintiffs; and (3) amend the caption to be "David Gaston, David Smith, *et al.,* on their behalf and on behalf of all those similarly situated v. Encana Oil & Gas (USA), Inc." In the Third Motion to Amend Complaint plaintiffs seek leave to add Cody Tague, who did sign an ICA, as a party plaintiff.

Defendant did not oppose the portions of the Second Motion to Amend Complaint that concerned the addition of David Smith as a named plaintiff and the amendment to the caption of the case. Defendant did, however, oppose the portion of the Second Motion to Amend

2

Complaint that concerned adding Kevin Smith and Brett Crab as named plaintiffs and the Third Motion to Amend Complaint, arguing that these proposed amendments would be futile.

In an order issued on October 21, 2011 a magistrate judge recommended that this Court grant the unopposed portions but deny the opposed portion of the Second Motion to Amend Complaint and deny the Third Motion to Amend Complaint. She reasoned that because the district court had determined that the ICA's arbitration provision was enforceable, with specified exceptions, the Court lacks jurisdiction to consider the claims of proposed plaintiffs Kevin Smith, Brett Crab and Cody Tague. Therefore, it would be futile to add those individuals as plaintiffs only to force the defendant to move for and presumably to obtain an order dismissing or staying those claims. Plaintiff Gaston objects to the magistrate judge's recommendation. He argues that it is necessary to add the three additional plaintiffs in order to prevent the statute of limitations from continuing to run and to seek the same protection from unenforceable terms in their ICA's that was provided to the original plaintiffs in the Court's July 15, 2011 order.

When the Court granted the defendant's motion to compel arbitration of the claims of the plaintiffs who signed an ICA, it did not dismiss their claims in this case. Rather, citing a provision of the Federal Arbitration Act, 9 U.S.C. § 3, which states that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," Judge Martinez stayed the claims of those plaintiffs "pending completion of arbitration." July 15, 2011 Order [docket #63] at 6, 24. While the Court's remaining role with respect to these plaintiffs will likely be very limited after arbitration is completed, they remain parties to the case. Therefore, I certainly understand, but in the end do not agree with, the futility argument. Instead, pursuant to the liberal standard of Fed. R. Civ. P. 15(a)(2), leave to amend to add the three new ICA plaintiffs is granted. In order to

avoid further unnecessary litigation, I deem the Court's order of July 15, 2011 to apply equally to their claims, which are hereby stayed pending arbitration.

I agree that the unopposed motion to add David Smith as a named plaintiff should be granted. The modification of the caption is fine, assuming of course that the new ICA plaintiffs are added. I suggest that plaintiffs file a Fourth Amended Complaint listing all plaintiffs. Thereafter the "et al." form can be used.

Accordingly, the recommendation of the magistrate judge [#92] is ACCEPTED IN PART AND REJECTED IN PART. The Second Motion to Amend Complaint [#65] is GRANTED IN PART AND DENIED IN PART. It is granted with respect to the addition of Kevin Smith, Brett Crab and David Smith as named plaintiffs and modification of the caption. The Third Motion to Amended Complaint [#88] is GRANTED, except that the Court has requested a Fourth Amended Complaint instead of the tendered Third Amended Complaint. Plaintiff's Motion for Leave to File Reply . . ." [#98] is DENIED.

### Plaintiff David Gaston's Amended Motion for Conditional Collective Action Certification, *Hoffman-La Roche* Notice, Equitable Tolling and an Order Enjoining Retaliation by Defendant [docket #68]

Mr. Gaston asks the Court conditionally to certify the case as a collective action pursuant to section 216(b) of the Fair Labor Standards Act, which provides in pertinent part

> Any employer who violates the provisions of . . . section 7 of this act shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in [section 7] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated.*

28 U.S.C. § 216(b) (emphasis added).

David Gaston claims that he was not paid overtime compensation to which he was entitled in violation of section 7, i.e., 28 U.S.C. § 207(a). In his affidavit signed on October 15, 2010 and submitted in support of this motion, he states that he was hired by Mesa Field Services on May 15, 2008. David Gaston Aff. [#68-1] ¶2. Mesa had a master services agreement with Encana Oil & Gas (USA), Inc., and, he alleges, served as a conduit through which Encana transferred his wages to him. *Ibid.* He states that he did the same work as pumpers who worked directly for Encana. *Id.* at ¶13. He claims that in substance he was an employee of Encana. *Id.* at ¶¶4-12. However, although he regularly worked more than 40 hours per work week, neither Encana nor Mesa ever paid him overtime. *Id.* at ¶14.

Mr. Gaston seeks to represent a class consisting of "all current and former Pumpers referred to by Defendant as 'pumpers' or 'lease operators' who were not paid overtime compensation for hours worked in excess of forty hours during any workweek in the three years leading up to Plaintiff's original Complaint, September 16, 2010." This would include "pumpers who worked directly for Encana, or jointly for an Encana contractor such as Mesa," but would exclude pumpers "who signed Independent Contractor Agreements containing an arbitration provision." Motion at 2-3. In his affidavit, Mr. Gaston states, "I believe that Encana employs several hundred Pumpers in the United States and many of these have been improperly designated as independent contractors." Aff. ¶20.

Defendant opposes the motion, primarily on grounds that Mr. Gaston has not made any showing that he is similarly situated to pumpers who do not work for Mesa and do not work in the Piceance Basin. Defendant employee Teresa Rice, who is responsible for securing the services of pumpers or "Lease Operators," describes the process in her affidavit submitted as Attachment 1 to defendant's opposition brief [#83-1]. She states that since the fall of 2007

5

Encana has contracted with more than 40 outsides staffing companies to provide services across approximately four different states under "Master Services Agreements" or "MSA's." Rice Aff., #83-1, at ¶5. Although general terms of the MSA's are similar, pricing terms are worked out between Encana and the staffing company. *Id.* at ¶6-7. Mesa provides pumpers on a flat hourly rate. *Id.* at ¶8. Other staffing companies have different arrangements with respect to pumpers, i.e., Avalanche Production Services, Inc. (Wyoming, flat day rate plus overtime at a specified hourly rate); C&D Production Specialists (Louisiana, hourly plus overtime); High Country Oil Field Services, Inc. (Wyoming, hourly plus time and a half for over 11 hours per day and on weekends and holidays); Frear Consulting (Wyoming, flat day rate); Producers Assistance Corporation (Texas, hourly plus overtime); PLO's Oil & Gas Services, LLP (hourly rate for "crews" of one to four persons plus truck and crew). *Id.* ¶¶9-14.

Ms. Rice states that Encana does not know what portion of the staffing companies' charges are paid to staffing companies' workers, how they classify their workers such as employees or independent contractors, and whether, for example, they pay the workers overtime pay. *Id.* at ¶16-17. However, defendant provides a copy of an Independent Contractor Agreement between David Gaston and Mesa Field Services, Inc. Attachment 83-10. It is somewhat similar to the ICA's between Encana and pumpers, although it does not have an arbitration provision.

In reply, plaintiff emphasizes "as most relevant here, [Encana uses] third-party 'staffing companies' to create an additional and artificial separation between itself and its employees." Reply at 2.

In *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), the court held that the district court's use of a two-step case by case or "ad hoc" process for

6

determining whether to certify a class under the Age Discrimination in Employment Act was not error. The court noted that the class action provisions of the ADEA borrowed the opt-in class mechanism of the Fair Labor Standards Act. *Id.* at 1002. The two-step approach has since been applied to FLSA actions such as the present case. *E.g., Baldozier v. American Family Mut. Ins. Co.,* 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005).

The first step is a "notice stage," where the court determines whether there are others similarly situated. Plaintiff is required to provide "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Thiessen,* 267 F.3d at 1102. The plaintiff must establish a "reasonable basis" for his claim that there are other similarly situated employees. *See Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1260 (11th Cir. 2008). This is a "lenient standard," *Baldozier,* 375 F. Supp. 2d at 1092, "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Services, Inc.,* 243 F.R.D. 431, 432 (D. Kan. 2007).

In the second stage, which comes at the conclusion of discovery and often in the context of a defense motion to decertify the class, the court applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a class action. *Thiessen,* 267 F.3d at 1102-03.

The thrust of Mr. Gaston's allegations is that the "economic reality" of his arrangement with Encana is that he was jointly employed by Mesa and Encana to work for Encana as a pumper or lease operator, but that Encana had a policy or plan of using the fact that he was hired through Mesa and the guise of considering him to be an independent contractor to deprive him of overtime compensation to which he was entitled under the Act. He alleges that there are other

individuals who were similarly deprived of overtime compensation either by Encana's direct hiring or by its use of staffing companies.

As indicated above, Mr. Gaston states that he believes that there are many pumpers employed by Encana in the United States "who have been improperly designated as independent contractors." Gaston Aff. ¶20. Mr. Gaston is not qualified to opine whether a person is an "independent contractor" as a matter of law. However, Mr. Gaston can describe the work he did, the supervision he received, and the obligations that were imposed upon him as a pumper working for Encana/Mesa. The Court earlier concluded that he had "alleged facts upon which a trier of fact could conclude that he was employed jointly by Mesa and Encana." Order, April 8, 2011 [docket #51] at 3.

Mr. Gaston is qualified to indicate, at least for present purposes, that there were others who did similar work for Encana and who, to his knowledge, did not receiver overtime compensation for hours worked in excess of 40 hours per week. He has identified one such person, David Smith. In an affidavit signed August 15, 2011 [#68-2], Mr. Smith shares the belief that Encana follows the same practices in at least Colorado and Texas. *Id.* at ¶8.

In addition, the Court notes the allegations of the named plaintiffs in this case who did sign ICA's with arbitration provisions. Their claims have been stayed pending arbitration. However, their situations, as alleged, and their ICA's lend some support to the assertion that it is Encana's practice not to provide overtime compensation to pumpers who in substance were employees.

The Court finds that the allegations in the First Amended Complaint, supported by the affidavits of David Gaston and David Smith, collectively are sufficient under the lenient standard of the notice step to warrant the conditional certification of a class or "collective" action.

"Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Renfro,* 243 F.R.D. at 433-34. The Court makes this finding without expressing any opinion as to whether discovery will identify any others who are similarly situated, whether plaintiff would be able to make a sufficient showing to avoid decertification of the conditional class, or whether plaintiff's claims in this case have merit.

The Court conditionally certifies a class consisting of all persons who served as pumpers or lease operators for Encana Oil and Gas (USA), Inc. from and after September 16, 2007, whether hired directly by Encana or through a staffing company, who were not paid overtime of at least one and one-half times the regular rate at which the individual was compensated for hours worked in excess of 40 hours during any workweek, and who did not sign an Independent Contractor Agreement containing an arbitration provision.

Ms. Rice's affidavit states that some staffing companies did pay pumpers overtime. If a senior management officer of a staffing company can provide an affidavit, under oath, based upon personal knowledge, that his or her company did pay all pumpers and lease operators staffed for Encana during the relevant time period overtime of at least one and one-half times the regular rate for hours worked in excess of 40 hours in all workweeks, then no discovery with respect to that company will permitted absent further court order. Absent such an affidavit, plaintiff is authorized to take one Rule 30(b)(6) deposition of that company. If it then appears that further discovery is warranted, and the parties and the third party cannot agree on the nature and extent of the further discovery, then the parties should set a hearing.

The Court's intent is not to authorize a fishing expedition or discovery that is unduly burdensome. The Court's intent is to permit the plaintiff to conduct reasonable discovery to determine whether there is anyone other than Mr. Gaston and Mr. Smith who is, in fact, similarly situated. The Court orders that plaintiff bear, in the first instance, the reasonable costs of obtaining such discovery, subject to further court order. The Court notes that Encana and its contractors can likely save themselves a great deal of time and expense if they cooperate and are forthcoming in providing information. If there truly are no individuals who are similarly situated to Mr. Gaston and Mr. Smith, it should not be difficult to show that. Likewise, plaintiff and plaintiff's counsel can save themselves a great deal of time and expense if they proceed reasonably and let a realistic assessment of the facts prevail over emotional attachment to the belief that widespread wrongdoing is occurring.

The Court notes the defendant's argument that some of the staffing companies operate in different states or basins. However, defendant did not explain the logic behind excluding putative class members on that basis. The issue is not where the individuals live or work. Rather, the issue is whether individuals whom Encana has "employed" as pumpers or lease operators, directly or through a staffing company, have worked in excess of 40 hours per week without overtime compensation in violation of the Act. Put another way, the issue is whether Encana has willfully but improperly used the "independent contractor" label or the device of recruiting through staffing companies to avoid wage and hours laws.

The Court orders that counsel meet and confer no later than January 16, 2012 for the purpose of (1) framing a discovery plan limited to identification of putative class members; (2) crafting a *Hoffman-La Roche* notice consistent with this order; and (3) determining the timing of

the provision of notice to the putative class.  If after conferring you are unable to agree, please set a hearing.

The Court orders that the running of the statute of limitations is equitably tolled as to David Gaston, David Smith and any members of the putative class effective September 16, 2010. The Court declines to order Encana to refrain from "intimidating, harassing or otherwise discriminating against potential opt-in plaintiffs."  I have no reason at this point to believe that Encana will do this or will respond to this order in other than a reasonable and professional manner.

DATED this 20th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge