IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02272-RBJ-KLM

DAVID GASTON,
DAVID SMITH,
MATTHEW DAUGHERTY,
DARWIN L. HARPER,
DANIEL GASTON,
GUILLERMO GRADO,
CHARLES GRIMSLEY,
JARED W. LANGLEY,
KEVIN SMITH,
BRETT CRABB, and
CODY TAGUE, on their behalf and on behalf of those similarly situated,

Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC., a Delaware corporation,

Defendant.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Amended Opposed Motion for Leave to File Fifth Amended Complaint** [Docket No. 134; Filed November 2, 2012] (the "Motion"). On November 19, 2012, Defendant filed a Response [#139]. On December 3, 2012, Plaintiffs[1] filed a Reply [#140]. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set

---

[1] This matter has been stayed as to all Plaintiffs except for David Gaston and David Smith. Accordingly, only these two Plaintiffs are seeking leave to file a Fifth Amended Complaint. *See Order* [#100].

forth below, the Court **DENIES** the Motion [#139] **without prejudice**.

This matter pertains to overtime compensation and unlawful termination claims brought by employees of Defendant. *See Fourth Am. Compl.* [#101] at 11. Plaintiffs now seek leave to amend the Fourth Amended Complaint for two purposes: (1) to allow both Plaintiffs to assert a new claim for relief, *i.e.*, wrongful termination in violation of public policy, and (2) to allow Plaintiff David Smith ("D. Smith") to join the second claim for relief, *i.e.*, retaliation in violation of the FLSA. *See Motion* [#134] at 1.

A Scheduling Order was entered in this case on September 24, 2012. In that Order, the Court gave Plaintiffs until October 9, 2012 to seek leave to file an amended complaint for the sole purpose of adding factual allegations relating to plaintiffs who are opting into this lawsuit pursuant to the FLSA. *Scheduling Order* [#129] at 7. Plaintiffs filed their Opposed Motion for Leave to File Fifth Amended Complaint [#132] on October 9, 2012. On November 2, 2012, they filed the present amended Motion, which dropped Plaintiffs' request to add Jason Goetz as a named Plaintiff. *Motion* [#134] at 1.

As noted, Plaintiffs seek permission to assert an additional claim for both named Plaintiffs and to allow Plaintiff D. Smith to also assert a cause of action already claimed by Plaintiff David Gaston ("Gaston"). *Id.* These amendments are not of the type contemplated by the Court and the parties when the Court ordered that Plaintiffs could seek leave to amend their pleading to add factual allegations relating to the opt-in plaintiffs; Plaintiffs D. Smith and Gaston are not opt-in plaintiffs. *Scheduling Order* [#129] at 7. Plaintiffs argue, however, that the Scheduling Order incorporated a "presumptive" 45-day deadline for the amendment of pleadings, pursuant to Appendix F.1 to the Local Rules. *Reply* [#140] at 2. The language they cite suggests that a proposed Deadline for Joinder of Parties and

Amendment of Pleadings should generally be no later than 45 days after the Scheduling Conference. D.C.COLO.LCivR App. F.1 [#7-2] at 5.

Here, though, a 45-day deadline for amendment of pleadings was not incorporated into the Scheduling Order controlling this case. Rather, the 45 days cited by Plaintiffs is merely a guideline; the Court in the Scheduling Order chose explicitly to allow Plaintiffs to make very specific amendments by October 9, 2012—and none other. Plaintiffs' argument is therefore without merit, and the Court finds that the Motion seeking leave to amend other portions of the Fourth Amended Complaint is untimely.

Normally, because "Plaintiff[s] filed [their] Motion after the deadline for amending the pleadings, the Court [would] employ[ ] a two-step analysis, first determining whether Plaintiff[s have] shown good cause to modify the Scheduling Order [#129] under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff[s have] satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) (unreported decision); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[2] Plaintiffs are entitled to amend their Fourth Amended Complaint only if they

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (2009) (internal quotation omitted); *cf. Reply* [#76] at 13 (noting that "it is true that most Circuits have applied the 'good cause' standard articulated in Fed. R. Civ. P. 16(b) to motions to amend filed after the deadline set by the District Court's scheduling order"); *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated." (collecting cases)); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline, but has not done so in the context of an amendment to the complaint" (internal citation omitted)).

make the requisite showing at each step of the analysis. The Court has explained the two-step analysis as follows:

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Once Plaintiff[s have] shown good cause for modifying the scheduling order, [they] must also satisfy the requirements of Rule 15(a) for amending the pleadings." *Nicastle*, 2011 WL 1465586, at *2. If Plaintiffs fail to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiffs have satisfied the requirements of Rule 15(a). *Id.* at *3; *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To

demonstrate good cause pursuant to Rule 16, Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline, which means [they] must provide an adequate explanation for any delay." *Minter*, 451 F. 3d at 1205 n.4; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) ("To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence.").

Here, however, Plaintiffs have neither sought leave to amend the Scheduling Order nor so clearly demonstrated good cause that the Court might *sua sponte* raise and determine the issue. Because Plaintiffs have not provided good cause for seeking leave to amend their Fourth Amended Complaint after the expiration of the pleading amendment deadline, their Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15.").

For the reasons set forth above, the Court **DENIES** the Motion [#134] **without prejudice**.

Dated: December 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge