IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 10-cv-2272-RBJ-KLM

DAVID GASTON, et al.,
on their behalf and on behalf of all those similarly situated,

    Plaintiffs,

v.

ENCANA OIL & GAS (USA), INC.,
a Delaware corporation,

    Defendant.

## ORDER

Plaintiffs object to the magistrate judge's order denying their amended motion for leave to file a fifth amended complaint. Defendant moves to strike plaintiffs' reply to their response to the objection. For the reasons set forth below, the objection is denied, and the motion to strike is denied as moot.

**Facts**

Plaintiffs, several oil field pumpers, allege that the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. by refusing to pay overtime and terminating their employment in retaliation for engaging in protected activities. On July 15, 2011 the Court issued an order staying the case pending arbitration as to all plaintiffs other than David Gaston. [docket #63]. On December 10, 2011 the Court granted plaintiff leave to add David Smith as a named plaintiff and to modify the caption of the case. [#100]. Plaintiffs then filed their Fourth Amended Complaint listing Mr. Gaston, Mr. Smith and nine others as plaintiffs. [#101].

On September 24, 2012 the magistrate judge held a scheduling conference and issued a Scheduling Order [#129]. As relevant here, the order granted plaintiffs until October 9, 2012 to "file an Amended Complaint to include factual allegations relating to the opt-in plaintiffs and any motion for leave to amend claims." *Id.* at 7. On October 9, 2012 plaintiffs filed a motion for leave to amend. [#132]. The proposed Fifth Amended Complaint [#132-A] would (1) add a third claim for relief in violation of public policy; (2) amend the second claim, alleging retaliation in violation of the FLSA, to include plaintiff David Smith; and (3) add an opt-in putative class member, Jason Goetz, as a named plaintiff conditioned upon his claims' relating back to the original date of the filing of this action, September 16 2010. On November 2, 2012 plaintiffs filed an amended motion for leave to amend that was the same as the October 9 motion except that plaintiffs no longer sought to add Mr. Goetz as a named plaintiff. [#134].

Defendant then filed a "status report," explaining that because plaintiff was "withdrawing" its October 9 motion to amend and filing an amended motion to amend, it considered that its due date for opposition to the proposed Fifth Amended Complaint had moved to November 26, 2012. [#135]. Defendant's response to the amended motion to amend was filed on November 19, 2012. [#139]. It argued that plaintiff's proposal to add claims for wrongful termination in violation of public policy (on behalf of Gaston and Smith) and retaliation (on behalf of Smith) should rejected because of "undue delay and futility." *Id.* at 2.

On December 10, 2012 Magistrate Judge Mix issued an order denying the amended motion to amend "without prejudice." [#141]. She noted that the proposed amendments, which would add the public policy claims for Gaston and Smith and a retaliation claim for Smith, were "not of the type contemplated by the Court and the parties when the Court ordered that Plaintiffs could seek leave to amend their pleadings to add factual allegations relating to the opt-in

2

plaintiffs'." *Id.* at 2.  The magistrate judge further found that plaintiffs had not sought to amend the Scheduling Order or demonstrated good cause that might support a *sua sponte* amendment of that order per Rule 16(b) of the Federal Rules of Civil Procedure, nor had the Court satisfied the standard for amendment of pleadings under Rule 15(a).  *Id.* at 3-5.

Plaintiffs' objection to the magistrate judge's order argues that (1) they interpreted the Scheduling Order to permit an amendment that added new claims; (2) defendant has known of the retaliation issue since the complaint was filed; (3) the case is in the initial stages of discovery, so no prejudice would occur; and (4) the proposed amendment to the motion to amend filed on November 2, 2012 should be deemed to relate back to the October 9, 2012 date when the motion to amend was filed. [#142].  Defendant responds that (1) the magistrate judge's order was not clearly erroneous or contrary to law; (2) defendant did not consent to the amended motion to amend; (3) the proposed amendment to add new claims should be denied under Rule 15(a) as untimely, futile and prejudicial. [#143].  The reply argues that plaintiffs could amend their motion to amend under Rule 15(a)(1)(B) within 21 days as a matter of course. [#143].

**Conclusions**

This Court will modify or set aside a magistrate judge's order on nondispositive matters only if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  All the magistrate judge did in this instance was to apply the terms of her own Scheduling Order.  That order permitted plaintiffs to file a motion for leave to amend by October 9, 2012 "to include factual allegations relating to the opt-in plaintiffs."  Plaintiffs' motion for leave to amend, as amended, proposed to add new claims.  The magistrate judge was plainly right that those proposed amendments went beyond what the Scheduling Order permitted.  The order was neither clearly erroneous nor contrary to law.

The rest of the jousting between counsel was largely off the mark. The magistrate judge denied the motion "without prejudice" (in bold letters). Order [#141] at 2. This means that plaintiffs can move (after conferring in good faith with defense counsel) to amend the scheduling order, and if that is permitted, to amend the pleadings to add the new claims. Defendant can (assuming counsel conferred in good faith with plaintiffs' counsel) oppose the motion on the merits. Those issues have not yet been properly presented for decision.

**Order**

1. The objection [#142] to the magistrate judge's order of December 10, 2012 is DENIED. The Court affirms the magistrate judge's denial of the amended motion to amend.

2. Motion #149 is DENIED as moot.

3. Although motion #150 will be referred to the magistrate judge, and is not yet ripe for review, the Court directs counsel to confer again concerning its subject matter and to make a renewed effort in good faith to resolve the dispute before defendant files its response.

DATED this 12th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge